ROBERT BOYD WEST, Plaintiff-Appellee, v. EVELYN LUCILLE WEST, Defendant-Appellant.

Fourth District   No. 14836

Opinion filed August 11, 1978.—Rehearing denied September 5, 1978.

Tenney & Tietz, of Decatur (Harold F. Tenney, of counsel), for appellant.

Monroe, Wilson, Dyar, Houchen, McDonald & Taylor, of Decatur (Vernon H. Houchen, of counsel), for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, Evelyn Lucille West, appeals certain provisions of a purported "JUDGMENT FOR DIVORCE" which was entered on November 2, 1977, subsequent to the effective date for the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*). By its own terms, the judgment granted the following relief:

"(1) the parties' marriage was dissolved:

(2) custody of the parties' minor child was granted to defendant, and plaintiff was given the right of reasonable visitation;

(3) plaintiff was ordered to pay $50 weekly support of the child, plus all reasonable medical and dental expenses for the child;

(4) defendant was awarded $900 monthly alimony;

(5) the marital home and its furnishings were ordered sold with the proceeds to be divided equally between the parties after satisfaction of the mortgage thereon;

(6) plaintiff was declared the sole owner of the property on which Tryco Manufacturing Company is located;

(7) plaintiff was ordered to pay defendant's $6,000 attorney fees, plus court costs;

(8) defendant's counterclaim for separate maintenance was dismissed and plaintiff was barred from collecting alimony from the defendant."

On appeal, defendant identifies the issues as follows: (1) The Illinois Marriage and Dissolution of Marriage Act which took effect on October 1, 1977, governs this case; (2) the evidence presented at trial fails to establish a ground for divorce; and (3) the court abused its discretion in its order relating to child support, alimony, and the parties' property. For the purposes of this appeal, however, we need only address the first two issues.

Section 801(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 801(b)) provides:

"This Act applies to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered."

This section, as well as the rest of the act of which it is a part, took effect on October 1, 1977. In the instant case, the court's written judgment was filed on November 2, 1977, subsequent to the Act's effective date. The judgment was entered after the trial judge, on July 15, 1977, filed a two-page written memorandum which announced the court's findings and

which recited: "See judgment of divorce to be filed in conformity with the findings expressed herein."

■■■ Supreme Court Rule 272 (58 Ill. 2d R. 272) provides: "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed." In *Davidson Masonry & Restoration, Inc. v. J. L. Wroan & Sons, Inc.* (1971), 2 Ill. App. 3d 524, 526, 275 N.E.2d 654, this court held that a signed memorandum which referred to a later, signed order was not a final order as contemplated by Supreme Court Rule 272. The reference in a memorandum to later orders suggests that the memorandum is incomplete in some way. We, therefore, hold that in the instant case, the trial court's judgment was not entered until November 2, 1977, after the effective date of the Illinois Marriage and Dissolution of Marriage Act which governs the case.

Section 401(2) of the new act reenacts the statutory grounds for divorce which applied under the old act. (Compare section 401(2) (Ill. Rev. Stat. 1977, ch. 40, par. 401(2)), with section 1 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 1).) Under section 401(2) a dissolution of marriage can be granted only if one of the statutory grounds is proved "* * * without cause or provocation by the petitioner * * *." The grounds alleged by the plaintiff in the instant case were defendant's constructive desertion and extreme and repeated mental cruelty.

■■ The judgment entered on November 2, 1977, does not recite that the court found one of the grounds for a dissolution without cause or provocation by the plaintiff. The making of such a finding is a mandatory requirement of section 401(2) and, without such a finding in the instant case, the parties' marriage cannot be dissolved. Our holding on this issue in no way bars the plaintiff on remand from presenting evidence of an absence of cause or provocation.

For the foregoing reasons, we reverse the judgment of November 2, 1977, and we remand the case for consideration in light of the Illinois Marriage and Dissolution of Marriage Act.

Reversed and remanded with directions.

GREEN, P. J., and TRAPP, J., concur.