JUDITH A. SCHUBERT, Plaintiff-Appellant, *v.* WILLIAM V. SCHUBERT, Defendant-Appellee.

Third District   No. 78-27

Opinion filed December 6, 1978.

Roger V. Pierson and Matthew A. Maloney, both of Pierson & Maloney, of Princeton, for appellant.

Peter F. Ferracuti and Associates, of Ottawa, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

■■ This appeal results from a decree rendered by the circuit court of Bureau County which dissolved a marriage.[1] The parties to the dissolution proceeding were Judith A. Schubert, plaintiff, and William V. Schubert, defendant, who were married in Henry, Illinois, on August 11, 1973. After four years of marriage, in June 1977, this action for dissolution was commenced. A bench trial was held on September 26, 1977. At the conclusion of the evidence the trial judge orally pronounced that he would grant a decree of dissolution and described the terms thereof. Further, he ordered that a written decree be prepared in accordance with the findings of the court. That decree was prepared and entered on October 31, 1977.

■■ On appeal the plaintiff-appellant alleges that the trial judge erred in denying the plaintiff maintenance[2] and in determining property rights of the parties. Because the issue was raised in oral argument, it is necessary to determine what law applies, and in so doing to determine what legal standard ought to apply in awarding maintenance and in determining property rights. The Illinois Marriage and Dissolution of Marriage Act took effect on October 1, 1977. The Act provides that it shall apply "to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered." (Ill. Rev. Stat. 1977, ch. 40, par. 801(b).) In the case at bar, the action was commenced in June of 1977 and trial held in September of 1977. The written decree was not signed and filed until October 31, 1977. Thus with respect to all the issues in this case, a judgment was not entered until after the effective date of the Act. (*West v. West* (4th Dist. 1978), 62 Ill. App. 3d 963, 379 N.E.2d 930.) Because the decree was entered after October 1, 1977, the Illinois Marriage and Dissolution of Marriage Act must apply.

■■ The trial court found that the defendant had acquired certain items of farm machinery, farm equipment, and livestock during the marriage. At

---

[1] The action for dissolution is analogous to the action for divorce that existed under prior law. While the court below and counsel in their arguments on appeal continue to refer to this action as one for divorce, in light of our holding today applying the new Illinois Marriage and Dissolution of Marriage Act, we prefer the new terminology.

[2] The concept of maintenance is analogous to the concept of alimony that existed under prior law. We will use the newer terminology for the reasons set forth in "note 1" hereof.

the time the decree was entered, these items were in defendant's name and possession, and the trial court concluded that those items did not require distribution. All property acquired by either spouse during the marriage is presumed to be marital property regardless of whether title is held individually or jointly. (Ill. Rev. Stat. 1977, ch. 40, par. 503(b).) The law requires that marital property be divided equitably among the parties. (Ill. Rev. Stat. 1977, ch. 40, par. 503(c).) The trial court erred in assuming that simply because title to these certain items was in defendant's name individually that they did not require distribution by the court. For this reason the case must be remanded to the trial court for an equitable, but not necessarily equal, division of the marital property considering all relevant factors, including those enumerated in section 503(c)(1)-(10) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503(c)(1)-(10).

The division of marital property is among those factors which must be considered in determining the amount of maintenance which is awarded following the dissolution of a marriage. (Ill. Rev. Stat. 1977, ch. 40, par. 504(b)(1).) Any change in the distribution of marital property necessarily requires a re-examination of the award of maintenance. Inasmuch as we are remanding this case for a division of property according to the standards of section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503), we must also order the trial court to consider whether the new division of property requires any change in its prior finding regarding the maintenance allowance.

■■ We note in passing that the trial court found "that the plaintiff has good and sufficient grounds * * * as provided for by statute." While the decree does not expressly find that plaintiff did not cause or provoke the defendant, a finding required by statute (Ill. Rev. Stat. 1977, ch. 40, par. 401(2); *West v. West*), the general finding of statutorily sufficient grounds embodies the more specific finding by reference. Inasmuch as the appeal before us challenged only the findings as to property division and allowance of maintenance, and did not challenge the findings as to grounds for dissolution, neither the appeal nor our opinion disposing thereof renders ineffective the judgment which dissolved the marriage. Ill. Rev. Stat. 1977, ch. 40, par. 413(a).

After careful consideration of the record and oral and written arguments of counsel, and for the reasons above stated, the order of the circuit court is reversed and this case is remanded with instructions to apply the law hereinbefore referred to.

Reversed and remanded with directions.

STENGEL and STOUDER, JJ., concur.