*In re* MARRIAGE OF BETTY JO FRANZETTI, Plaintiff-Appellant, and ARIO L. FRANZETTI, Defendant-Appellee.

Third District    No. 78-188

Opinion filed March 14, 1979.

Larry Hofreiter, of Ottawa, for appellant.

Peter F. Ferracuti & Associates, of Ottawa, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This appeal results from a decree entered by the circuit court of La Salle County which dissolved the marriage of the plaintiff, Betty Jo Franzetti, and the defendant, Ario L. Franzetti.

The hearing on the pleadings pertaining to the divorce of the parties was held on September 27, 1977, however, the judgment of the trial court dissolving the marriage and determining property rights, custody, child support and alimony was not entered until October 13, 1977.

The plaintiff on appeal raises issues relating to alimony, property settlement, attorney fees, child support, and whether The Illinois Marriage and Dissolution of Marriage Act which took effect on October 1, 1977, should have governed the case before the trial court rather than what we refer to as the old Divorce Act.

We direct our attention to this last issue raised by the plaintiff. The Illinois Marriage and Dissolution of Marriage Act provides that it was to take effect on October 1, 1977, and contained in the Act is the provision that it shall apply "to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered." Ill. Rev. Stat. 1977, ch. 40, par. 801(b).

As we have previously stated, the action in the case at bar was commenced prior to October 1, 1977, and a hearing was also had prior to that date, but the final decree was entered subsequent to its effective date.

This court has previously held that under such circumstances the law as set forth in the Illinois Marriage and Dissolution of Marriage Act must apply. (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) This was our holding in *Schubert v. Schubert* (1978), 66 Ill. App. 3d 29, 383 N.E.2d 266. In *Schubert* we followed the interpretations given the Act in *West v. West* (4th Dist. 1978), 62 Ill. App. 3d 963, 379 N.E.2d 930. We deem it both interesting and instructive to note that the State of Montana enacted a Uniform Marriage and Divorce Act effective January 1, 1976. The Montana act contains a provision identical with that set forth in section 801(b) of the Illinois Marriage and Dissolution of Marriage Act which we have heretofore cited (Ill. Rev. Stat. 1977, ch. 40, par. 801(b)). The Supreme Court of Montana was faced with the precise question which confronts us in the instant case, to-wit, what law is applicable when a hearing is had by the trial court prior to the effective date of the Uniform Marriage and Dissolution of Marriage Act but judgment is not entered until after the effective date of the Act. The reviewing court determined, as we have and do in the instant case, that the provisions of the new act are applicable. *Morse v. Morse* (1977), ____ Mont. ____, 571 P.2d 1147.

In the case at bar no useful purpose would be served in setting forth a lengthy recital of the instances where the trial court applied the provisions of the old Divorce Act; however, it is clearly evident that such was done. The trial court awarded periodic alimony, yet the Marriage and Dissolution of Marriage Act abolishes the distinction between periodic alimony and alimony in gross. (Ill. Rev. Stat. 1977, ch. 40, par. 504.) We also question the trial court's application of the law as to the disposition of marital property and the procedure followed in allowing attorney fees. There may be other instances where the wrong law was applied; however, we cite these as being illustrative of the trial court's reliance on the law of the Divorce Act rather than that set forth in the Illinois Marriage and Dissolution of Marriage Act.

Inasmuch as the appeal before us challenges only findings as to property division, alimony, child support and the allowance of attorney fees, and does not challenge the grounds for the dissolution of the marriage between the parties, no action which we have taken in this appeal is to be construed so as to render ineffective the judgment which dissolved the marriage between the parties. Ill. Rev. Stat. 1977, ch. 40, par. 413(a).

For the reasons set forth the judgment of the circuit court of La Salle County is reversed and this case is remanded with instructions to apply the law hereinbefore referred to.

Reversed and remanded.

ALLOY and STENGEL, JJ., concur.