*In re* MARRIAGE OF HAROLD STRALOW, Petitioner-Appellant, and DOROTHY STRALOW, Respondent-Appellee.

Third District    No. 80-302

Opinion filed April 15, 1981.

William N. Stone, of Sterling, for appellant.

Laurence F. Johnson, of Ward, Ward, Murray, Pace & Johnson, of Sterling, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This case involves the dissolution of marriage between Harold and Dorothy Stralow. The husband appeals a Whiteside County Circuit Court order disposing of assets in the dissolution proceeding. We affirm.

Husband and wife were married in Iowa in 1937. Their marriage spanned four decades. During its course the couple raised three children all of whom are now fully independent. Like many, the couple had few possessions when newly wed. Working hard at farming, they prospered as their children grew.

Harold Stralow is 64 years old. He is physically fit, although he has received medical treatment for a heart problem. He never finished high school. Upon marriage he began work as a tenant farmer, mainly on a share basis, and continued to do so until 1958. He worked long hours, taking extra work combining, while raising hogs, cattle, and milking dairy cows. He did his own farm managing. After accumulating some cash and securing a loan, Harold and Dorothy bought a 320-acre farm near Coleta,

Illinois. Harold farmed 280 acres after selling a 40-acre parcel. Eight years later, again as joint tenants, the couple purchased a 255-acre farm in the same vicinity. Afterwards 175 acres were sold and the remaining land put into production. The family home was relocated to the smaller farm. In 1969 Mr. Stralow quit active farming and went to work for the Illinois Highway Department. Farm operations were assumed by a son on a share basis with his father. As landlord, Mr. Stralow received half of all farm profits. In January 1979, he moved out of the family home to an apartment. He did not return.

Dorothy Stralow is 59 years old. She has a lower back ailment, but otherwise is in good health. She is without vocational skills and has little formal education. Until October 11, 1979, the date the marriage was dissolved, she was not employed outside the home. Currently she works part-time in a department store restaurant. During her marriage she did those tasks expected of an Illinois farm wife. She raised the children, prepared the meals, did the housework, and washed the family's clothes. She did the yard work, gardening, and tended the fowl. Often she brought the cows up for milking and cleaned the bulk tank in the dairy parlor. Occasionally she assisted at planting time. Finally, when her husband requested, she transacted business for him in town.

The parties' estate consists of the family farms and is the result of work performed during the marriage. The following valuation by the trial court was not contested:

| Assets: | |
|---|---|
| Appraisal of two farms | 1,050,000.00 |
| Real estate-sale proceeds | 7,360.00 |
| Livestock | 45,662.50 |
| Grain, silage | 25,900.00 |
| Farm equipment | 3,725.00 |
| Automobiles (truck) | 11,500.00 |
| Life insurance policies-cash value | 14,559.95 |
| Cash and personalty | 7,000.00 |
| Loan receivable | 2,600.00 |
| | 1,168,307.45 |

| Liabilities: | | |
|---|---|---|
| Mortgage on real estate | 44,800.00 | |
| Bank loan | 18,000.00 | |
| | 62,800.00 | 62,800.00 |
| Value of marital estate | | 1,105,507.45 |

Both parties sought a cash settlement of this sum.

The trial judge apportioned the estate in two comparatively equal shares. To achieve this he ordered Harold Stralow to pay his former wife

$536,509.00 in cash by August 15, 1980. He also impressed a lien of the farm estate to secure payment of that sum. Interest of the unpaid balance accrued at eight percent per annum.

The sole issue for review is whether the trial court abused its discretion in disposing of the marital estate.

Mr. Stralow complains that equal distribution of the parties' assets is not equitable in view of his age and the realities of farm operations. Such an allocation, he urges, is against the manifest weight of the evidence since he contributed, by his labor, all the capital to the farm. The case law he cites (*Schubert v. Schubert* (1978), 66 Ill. App. 3d 29; *In re Marriage of Woodward* (1980), 83 Ill. App. 3d 253), which support less than equal partition of a marital estate, are not dispositive of this appeal. Those opinions hold that an equal distribution of property is not necessarily an equitable one. They do not mean a trial court may not make an equal distribution of marital assets if the facts so warrant.

The Illinois Marriage and Dissolution of Marriage Act requires the trial judge to weigh various factors in apportioning marital property. These include: the contribution of each party to the marital estate; the marriage's duration; and the age, health, station, occupation, skills, and income of each party. (Ill. Rev. Stat. 1979, ch. 40, par. 503(c).) Furthermore, marital property must be divided without regard to any party's marital misconduct.

■■ The record shows the trial judge was not only aware of these factors but steadfastly adhered to them. He noted the length of the marriage and that essentially the marital estate was comprised of the family farm. The financial contributions and management capabilities of Harold Stralow were credited. Although different in kind, the wife's services were not of less significance than her former husband's contributions. (Ill. Rev. Stat., ch. 40, par. 503(c), Historical and Practice Notes, at 470 (Smith-Hurd 1980).) The trial court accorded them appropriate value. Similarly, the property distribution reflects the trial judge's concern for the wife's ability to support herself. Her age, lack of marketable job skills, and late arrival to the labor force certainly diminished the prospect of reasonable, future income. Finally, the trial judge considered not only the tax consequences a sale of the farm entailed, but also Mr. Stralow's desire to keep it productive, thereby assuring him future income.

■■ The trial court split the interest of the marital estate in a proper way. The result is not arbitrary nor unreasonable but entirely consistent with the evidence adduced at trial. Distribution of the estate was not authorized based on the marital shortcomings of either party. All relevant factors were considered. The husband's unhappiness with his share is no reason whatsoever for finding an abuse of discretion by the trial court. Indeed, quite apart from the dissolution of marriage proceeding, it cannot be

ignored that these farms were held in joint tenancy by the parties. The judge's order is not inconsistent with the husband's conduct in having these farms titled jointly, first in 1958 and again in 1966.

A marriage is not a business relationship. To succeed, it depends on an alliance of husband and wife. Often, the marital estate is the result of this mutual effort. The fact one party's contribution to the estate can be readily quantified in dollars in no way maximizes that party's interest over another's. All facts must be considered. The trial judge made his distribution after hearing the parties testify. We do not insert our judgment for his. Obviously, he felt the economic equivalent of the wife's 42 years of services to the family and the farm was of great value. We believe this conclusion entirely reasonable, amply supported by the evidence.

For the reasons stated the order of the Circuit Court of Whiteside County distributing the marital estate of Harold and Dorothy Stralow is affirmed.

Affirmed.

SCOTT, P. J., and STOUDER, J., concur.