*In re* MARRIAGE OF PEGGY LOVELL, Respondent-Appellant, and JOHN LOVELL, Petitioner-Appellee.

Third District   No. 81-46

Opinion filed August 5, 1981.

Daniel J. Kallan and Susan Scarcelli, both of Joliet, for appellant.

Robert H. Adcock, Ltd., of Morris, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The action was brought to resolve the matters remaining in controversy in the dissolution action of John Lovell and Peggy Lovell. The trial court ruled in favor of Mr. Lovell regarding the division of the pension and stock plans provided by his employer and further denied Mrs. Lovell's request that her ex-husband pay her reasonable attorney's fees.

Appellant contends on appeal that the trial court abused its discretion in awarding the entire proceeds of the pension and stock plans to her ex-husband and requests this court to remand the case to the Circuit Court of Grundy County with directions to divide the pension and stock plans equally and to order appellee to pay her reasonable attorney's fees.

While we decline to impose our judgment as to the relative portions each party should receive of the pension and stock assets, we believe the trial court abused its discretion in awarding the entire proceeds to appellee. We also concur with the appellant's contention that the trial court erred in failing to order appellee to pay appellant's reasonable and necessary attorney's fees.

Prior to the hearing, the parties had reached a mutually agreeable settlement as to the bulk of the marital property. This settlement was found to be equitable and adopted by the court. It divided the marital property into substantially equal proportions.

The court was then left to consider the issue of whether the pension and stock plans were marital property, and if so, the proportion and manner in which such property should be divided between the parties. The court properly found these to be marital property having a value of $11,288.78. Having reached that decision, the court considered the division of such property and declined to split the pension and stock plans between the parties. It concluded the appellant had received a greater portion of the marital property by her right to exclusive possession of the former marital home. This right of possession was found to have a value of $16,700.[1] The court set off this alleged asset against the pension and stock plan, valued at $11,288.78. The Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 503(c)(4)) states that it is desirable to award ownership or exclusive residency rights in the former marital home to the custodial parent. This practice is widely followed. (See, e.g., In re Marriage of Piktel (1980), 81 Ill. App. 3d 567, 401 N.E.2d

---

[1] That benefit was found to be the investment value of Mr. Lovell's equity in the home, $20,000. The court considered testimony of Mr. Ron Wohlen, executive vice president of the Grundy County National Bank. Mr. Wohlen testified that an investment of $20,000 in a minimum risk government bond over a period of 15 years would yield a return of $16,700.

Mrs. Lovell was awarded custody of the three minor children, the youngest of which was 3 years old, with the right to exclusive occupancy of the marital residence until the youngest child reached 18 years of age or until she remarried.

584, and *Schuppe v. Schuppe* (1979), 69 Ill. App. 3d 200, 387 N.E.2d 346.) However, the residency rights of the custodial parent have not heretofore been equated as marital property. The Fifth District has considered a similar case in which the noncustodial husband unsuccessfully contended that the exclusive residency rights in the custodial wife should be considered alimony in gross. *Sullivan v. Sullivan* (1979), 68 Ill. App. 3d 242, 385 N.E.2d 860.

The difficulty of considering Mrs. Lovell's residency rights as marital property is compounded by further requirements of the judgment order. Mrs. Lovell is required to pay all mortgage payments, taxes, insurance, and basic repairs and upkeep on the home. She must provide shelter for the couple's three small children. She receives only $650 per month unallocated maintenance and child support. She offered unrebutted testimony of her good faith but unsuccessful efforts to obtain a job. Despite this, her right to the exclusive residency in the former marital home in which she provides shelter for the couple's three small children was found to have a present economic value only to her. It is clear that while the possessory interest in the marital home has value, it does not fit the traditional categories of marital property. Both *Piktel* and *Schuppe* indicate that the possessory interest has value, but the value is to both the parties. The trial court, by attributing the sole value to appellant and using that value as a setoff on other items of marital property, abused its discretion.

The agreement encompassed all property divided by the parties, including the residency rights awarded Mrs. Lovell. The parties had agreed that Mrs. Lovell's obligations towards maintaining the home, paying the mortgage indebtedness, paying the taxes, caring for the couple's children was substantially equal to any benefit received by her by virtue of her residency rights in the former marital home.

Contrary to the couple's agreement, the court found that Mrs. Lovell had received $16,700 more than Mr. Lovell, by virtue of her residency rights. The court then denied Mrs. Lovell any portion in the only marital property before it—the pension and stock plan. It is as if the Lovells came to the court seeking a dissolution of marriage with only one asset—the pension and stock plan. The court then proceeded to award the entire value of the sole asset before it to Mr. Lovell. Such a disparate division of marital property exceeded the perimeters of the trial court's discretion and must be set aside to prevent substantial injustice to the appellant. *In re Marriage of Clearman* (1980), 85 Ill. App. 3d 584, 407 N.E.2d 189.

While Mrs. Lovell's residency rights may have value, she more than pays for that right by making the mortgage payments, taxes, and upkeep on the home. She also does Mr. Lovell a service of immeasurable value in caring for and providing a home for the couple's three small children.

The appellee argues that he gave up something of value by agreeing to allow the appellant exclusive possession of the marital home. He ignores the fact that appellant's possession satisfies his duty to provide shelter for his minor children and, in this case, relieves him of his joint obligation to pay the mortgage indebtedness, real estate taxes, and insurance. Appellee is quick to assert that he has given up something of value, but fails to disclose that he has benefitted by the satisfaction of the two previously mentioned obligations. Not only does appellee benefit from the appellant's possessory interest in the residence, but the minor children of the parties likewise benefit from the award. In short, it cannot be logically argued that the appellant is the sole beneficiary from the possessory interest she received in the marital home.

■■ It was an abuse of discretion and thus error for the trial court to deny Mrs. Lovell any portion of the pension and profit plan. However, as previously stated, the amount of said portion we leave to the determination of the trial court.

With respect to the trial court's denial of appellant's prayer for her reasonable attorney's fees, we note the following. Mrs. Lovell received $650 per month in unallocated maintenance and child support. She has been unable to find gainful employment, despite her good-faith efforts to do so. She augments her income with approximately $65 per month in babysitting. According to her unrebutted testimony, Mrs. Lovell is dependent on a $100-per-month loan from her parents to feed, clothe, and house herself and her children. She has a mortgage indebtedness of $25,000 on which she makes payments of $230.03 per month. She pays $97.78 towards indebtedness on her automobile.

■■ Mr. Lovell's take-home pay ($300 per week) is twice what Mrs. Lovell receives. From that Mr. Lovell need only provide for himself, while Mrs. Lovell must provide for four persons. Mr. Lovell has no auto or mortgage indebtedness. His rent payment ($210 per month) is less than the mortgage payment ($230.03 per month) that Mrs. Lovell is responsible for. Mr. Lovell testified that he expected to receive a large deduction from his taxable income due to the support payments he makes to Mrs. Lovell. The trial court based its denial of attorney's fees on the apparent lack of liquid assets by either party. The fact that Mr. Lovell has spent all his money is irrelevant. He is clearly able, from his income, to pay the attorney's fees. Mrs. Lovell, on the other hand, is presently unable to maintain herself and the couple's children. It is an abuse of discretion to ask Mrs. Lovell to exhaust her assets (marital home and furnishings) to pay her attorney's fees. *Kaufman v. Kaufman* (1974), 22 Ill. App. 3d 1045, 318 N.E.2d 282.

■■ The court found the reasonable amount of Mrs. Lovell's fees to be $1,075. The award of attorney's fees rests in the discretion of the court and

is not to be disturbed absent an abuse of discretion. (*Lane v. Lane* (1976), 40 Ill. App. 3d 229, 352 N.E.2d 19.) The award is to be based upon the ability to pay. (*Woodshank v. Woodshank* (1973), 13 Ill. App. 3d 692, 300 N.E.2d 494.) It is apparent from the foregoing that the appellant has little, if any, ability to pay her reasonable and necessary attorney's fees. The appellee, on the other hand, despite his contention of a lack of present liquid assets, at least has the reasonable expectation and opportunity to have such funds available in the future.

We therefore order that appellee pay appellant's reasonable and necessary attorney's fees in the trial court in the amount of $1,075 under such terms and conditions as the trial court may direct. We further direct that appellee pay appellant's reasonable and necessary attorney's fees on appeal in an amount to be set by the trial court, again under such terms and conditions as the trial court may direct.

Reversed and remanded with directions.

ALLOY and STOUDER, JJ., concur.