*In re* MARRIAGE OF MAUREEN RIBORDY, Plaintiff-Appellant, and JAMES FRANCIS RIBORDY, Defendant-Appellee.

Third District   No. 3—84—0042

Opinion filed November 29, 1984.

BARRY, J., concurring in part and dissenting in part.

Frank J. Black, of Black & Black, of Morris, for appellant.

Gary A. Dobbs and Robert H. Adcock, both of Adcock & Dobbs, of Morris, for appellee.

PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The wife, Maureen Ribordy, appeals from a judgment of dissolution entered in the circuit court of Grundy County on December 21, 1983. Specifically, she contests the property distribution arrived at by the court, the failure of the court to award her maintenance, and the amount of attorney fees and court costs awarded to her.

As a preface to our examination of the issues raised by the wife, we will touch briefly on the relevant facts. The parties were married on February 17, 1962. Two children, a girl and a boy, were born of the marriage. They are now emancipated. The parties separated in 1974 and a judgment dissolving the marriage (grounds only) was entered on April 28, 1976. During the marriage, the husband was self-employed as a grain farmer, and the wife, at the husband's request, did not work outside the home.

A review of the briefs filed by the parties and of the trial court's

written opinion reveals that all are in agreement that the wife's future opportunities for the acquisition of capital assets and income appear bleak. She has a high school degree but was not employed outside the home, except for very brief periods, during the marriage. She now earns less than $8,000 annually gross. She has experienced recurring emotional difficulties, beginning at approximately the time the dissolution petition was filed, which have required numerous and lengthy hospitalizations. In contrast, the future opportunity for the acquisition of capital assets and income for the husband, who farms over 500 acres, appears to be good, though this is somewhat unpredictable due to the current uncertain status of American agriculture.

Further, the parties have apparently agreed to a substantial portion of the division of property, and the wife has raised no argument as to why that agreement must be vacated. Therefore, it appears that it is not now in dispute. As part of that agreement, the wife received 30 of the 70 acres owned by the parties, while the husband received the remaining 40. They agreed upon a value of $3,000 per acre for the 70 acres, and the husband agreed to pay the wife $15,000 for the additional five acres which he received. The wife's 30 acres was encumbered by a $3,500 mortgage. It was further agreed that the husband had the right to farm the wife's 30 acres for $130 per acre cash rent. Approximately $10,000 was owed on the land received by the husband. The parties stipulated this property division to be equal.

In its written opinion dividing the other marital property, the court indicated that the household items had long since been distributed in the interim between the parties' separation in 1974 and the final dissolution of the marriage in 1983. The court further indicated that evidence as to the value of said property was insufficient for the court to reach a determination as to the value received by each party.

As to other property, the court divided the stock held by the parties equally, and, after an extended discussion of various farm assets, including equipment and crops, and debts, concluded that the husband should pay the wife $12,000 for her share in the cash on hand, harvested crops, growing crops, livestock, farming equipment, and machinery. The husband was then awarded all marital property related to the farming operation and associated debts. The wife was held responsible for debts pertaining to her family. The only maintenance which the wife was awarded was the cost of appropriate health insurance. The court further indicated that it was reserving the question of additional future maintenance because, in view of the disparate circumstances of the parties, such additional maintenance was likely to be required by the wife. Additionally, the husband was ordered to pay

a portion of the wife's attorney fees and litigation costs amounting to $7,677.09.

On appeal, the wife raises three issues: (1) whether the division of marital property was an abuse of judicial discretion; (2) whether the failure to award maintenance other than the cost of health insurance was an abuse of discretion; and (3) whether the court's award of only $7,677.09 toward the $17,481.00 in attorney fees and court costs incurred by the wife constituted an abuse of discretion.

■ With respect to the property division question, we note initially that a significant portion of the division was by agreement of the parties and not in dispute here. With respect to the remaining property, the wife argues she received too small a share of the remaining marital property in view of her contribution as a homemaker and present ill health. We agree with the wife that, considering her contribution during the marriage, her present condition of ill health and her almost certain inability to acquire substantial assets through her own earning power, one might well expect that she would receive a larger portion of the marital assets than her husband. A thorough review of the record upon which the trial court's opinion is based reveals that this is not the case. However, the trial court has broad discretion in these matters, and its decision will not be reversed absent an abuse of discretion. (*In re Marriage of Rossi* (1983), 113 Ill. App. 3d 55, 446 N.E.2d 1198; *In re Marriage of Bentivenga* (1982), 109 Ill. App. 3d 967, 441 N.E.2d 336.) Merely because, on these facts, this court might have reached a decision different from that reached by the trial court does not constitute adequate grounds for reversal. We do note, however, that the trial court did appear to place unnecessary emphasis on the fact that it was the husband who contributed most of the farm-related labor and upon the length of time that the parties had been apart prior to the final dissolution.

■ The second issue raised by the wife is whether the court erred in failing to award her maintenance other than the cost of health insurance. As we observed earlier, the court clearly appeared to anticipate that maintenance would be awarded later while at the same time declining to award it now.

In order for the court to award maintenance, it must find that the wife lacks sufficient property to meet her reasonable needs and is unable to support herself through appropriate employment. (Ill. Rev. Stat. 1983, ch. 40, par. 504(a).) From a review of the record it appears that the wife does lack sufficient property to meet her reasonable needs. On the other hand, she is employed, albeit in a low-paying and, according to her, unsatisfactory work situation.

In her brief, the wife argues that her standard of living has been drastically reduced while her former husband continues to enjoy a comfortable standard of living. According to the applicable statutory standard, however, need is the only factor to be considered in deciding whether to award maintenance. The standard of living is only considered once it is determined that maintenance is needed. (Ill. Rev. Stat. 1983, ch. 40, pars. 503(a) and (b).) Should the wife's present employment terminate, it appears that she could anticipate an award of maintenance which would take into account such factors as the standard of living during the marriage and the emotional and physical condition of the parties.

■ As with the division of marital property, the determination as to an award of maintenance is within the discretion of the trial court and will not be disturbed on appeal unless there is an abuse of discretion or the determination is against the manifest weight of the evidence. (*In re Marriage of Johnson* (1982), 106 Ill. App. 3d 502, 436 N.E.2d 228; *In re Marriage of Goldstein* (1981), 97 Ill. App. 3d 1023, 423 N.E.2d 1201.) Although we note that the award of maintenance to an employed spouse has been upheld where the spouse's earnings were inadequate (*In re Marriage of Brenner* (1981), 95 Ill. App. 3d 100, 419 N.E.2d 400; *In re Marriage of Simmons* (1980), 87 Ill. App. 3d 651, 409 N.E.2d 321), we decline to find an abuse of discretion on the part of the trial court. As indicated above, the mere fact that we might have reached a different result does not amount to an abuse of discretion.

■ Finally, we consider the amount of attorney fees awarded by the trial court. Here it appears that the wife, by the court's order, would be required to pay approximately $10,000 of her own attorney fees, presumably out of the marital property awarded to her. We note, however, that the amount of her award for all farm-related property is only $12,000. Additionally, by agreement of the parties, the wife received $15,000 in payment for the additional five acres awarded to the husband. Aside from the rental payments she receives on the farm property, the wife has only her small income from which payment of her attorney fees could be taken.

Based on the clear disparity in the circumstances of the parties, the failure of the trial court to order the husband to pay all of the wife's attorney fees constituted an abuse of discretion. (*In re Marriage of Lovell* (1981), 98 Ill. App. 3d 865, 424 N.E.2d 995.) We reach this conclusion based on the trial court's observations concerning health problems and fragile financial status of the wife. Based on the facts adduced in the trial court's written opinion, the husband is

clearly capable of paying the full amount of the wife's attorney fees while the wife is not. Although she does appear to have some funds, the attorney fees would cut almost in half the total amount of cash which she obtained from the marriage. Such an action would render her already insecure financial position, in view of her other difficulties, very vulnerable.

Accordingly, we find the refusal of the trial court to order the husband to pay the full amount of the wife's attorney fees and costs to be an abuse of discretion. That portion of the order is, therefore, reversed, and the trial court is directed to enter an order requiring the husband to pay the full amount of the wife's attorney fees and costs. All other portions of the order of the circuit court of Grundy County are hereby affirmed.

Affirmed in part; reversed in part and remanded with directions.

SCOTT, J., concurs.

JUSTICE BARRY, concurring in part and dissenting in part:

While I concur generally with my colleagues' determination that the trial court should be affirmed with respect to the division of marital property and the failure to award further maintenance at this time, I cannot entirely agree with the majority's findings respecting attorney fees and costs, and I see no need to remand this case. The parties separated 10 years ago, and further litigation can only serve to confuse the question of who should pay fees and costs and in what amounts.

The issues inherent in the decision to award fees and costs in this case required a determination of the parties' relative financial resources as well as a determination of a reasonable amount of fees and costs based on the necessity for the services and the nature and extent of counsel's professional services in representing the wife's interests. (*In re Marriage of Dulyn* (1980), 89 Ill. App. 3d 304, 422 N.E.2d 988; Ill. Rev. Stat. 1983, ch. 40, par. 508(a).) The record here supports the trial court's conclusion that only a partial award of the wife's fees should be granted. Although the trial court's conclusion in this respect is somewhat unclear in its oral pronouncement of its decision, the partial award determination appears clearly in the written version of the court's order, wherein the court states, "The husband is directed to pay *** $5000.00 *** to Maureen A Ribordy and Black and Black as and for *part* of wife's attorneys' fees; in addition, the husband shall pay to Maureen A. Ribordy and Black and Black *** the

sum of *** $2677.09 *** for reimbursement of wife's litigation costs."
(Emphasis added.) Contrary to the majority, I do not find that the evidence of the parties' relative financial resources dictates a full, rather than partial, award. The trial court's marital property division resulted in a fairly equitable distribution of assets. The husband's financial position, all things considered, is not greatly disproportionate to the wife's. I see no abuse of discretion in the trial court's limiting the award of fees.

Next, although the reasonableness and necessity of attorney Black's claimed fees and costs were disputed in the trial court, in my opinion the court's order fails to adequately address these specific aspects of the wife's attorney fees. The trial judge provided no clues as to how he computed the $5,000 fee award to be paid by the husband. Whether the court accepted the full amount claimed by the wife and her attorney, Mr. Black, as reasonable and necessary, or whether it presumed that some lesser amount would have been adequate cannot be gleaned from the record. Nonetheless, I find that the amount of the fee awarded is supportable, given the total financial resources and the proposed apportionment of the marital assets, and is within the range of the trial court's discretion.

Attorney Black, testifying in support of the wife's claim for fees and costs, explained that $168.84 of the total $2,677.09 of itemized costs and 22¾ hours of the total 316¾ chargeable hours expended on the wife's case related to other matters, including a partition suit which was ultimately settled and dismissed. Attorney Black further testified that his firm had commenced its representation of the wife in 1976, and that his hourly fees for both court and office time were limited to a flat $50 per hour charge with this in mind. Attorney Black's basis for determining the flat rate was challenged in cross-examination, but no evidence was offered to directly contradict the reasonableness of the flat hourly fee arrangement. The trial court, in its oral pronouncement of the decision, stated that it had considered "the difference between court and office time," but did not specifically determine that the flat fee charged in this case was unreasonable. Under the circumstances, and considering the complexity of this case, I find that $50 was a reasonable hourly charge for all necessary legal services.

In my opinion, the testimony and evidence of record will not support the wife's claim for legal services relating to the partition suit. Certainly, the wife had the burden of establishing that such services were necessary to the dissolution action. Attorney Black during his testimony conceded that the 22¾ hours were not related to the disso-

lution action, and specified the dates and times included in his computation. Based on my review of the record on appeal I find that reasonable and necessary fees for Mr. Black's services relating to the dissolution action are $14,500. On the basis of the evidence and testimony admitted at the hearing on attorney fees and costs, I would hold that there was no abuse of the trial court's discretion with respect to a partial award of fees in the amount of $5,000 (discretion in awarding attorney fees will not be disturbed unless it is clearly abused (*In re Marriage of Sipich* (1980), 80 Ill. App. 3d 883, 891, 400 N.E.2d 696)), and I would reduce the amount of costs awarded to $2,508.25. The time for finality in this cause is long overdue. I would enter an appropriate order pursuant to Supreme Court Rule 366(a) (87 Ill. 2d R. 366(a)) to effectuate the decision on appeal.