*In re* MARRIAGE OF JOYCE A. GENTRY, Petitioner and Counterrespondent-Appellee, and HAROLD W. GENTRY, Respondent and Counterpetitioner-Appellant.

Third District   No. 3—88—0587

Opinion filed September 15, 1989.

Arthur J. Inman and Anthony P. Corsentino, both of Peoria, for appellant.

Nicholas H. Ores, of Peoria, for appellee.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The respondent, Harold W. Gentry, appeals the trial court's order dividing the parties' marital property and awarding the petitioner, Joyce A. Gentry, maintenance. The respondent also questions the propriety of the amount and duration of the maintenance award.

The parties were married in 1963. They have two children as a result of their marriage, one of whom, Lynette, was emancipated by the time the proceedings were commenced, and the other, Todd, became emancipated after the trial court proceedings concluded, but prior to the commencement of these appeal proceedings.

Since 1965, Harold worked for Caterpillar, Inc., and he earned $3,936 a month, taking home $2,752.96. Joyce acquired a high school degree and attended Bob Jones University; however, she did not graduate due to a lack of credit hours. She worked in a clerical capacity during the first years of the marriage, but quit upon learning she was

pregnant with their first child. Her principal vocation was as a housewife and mother; however, she occasionally volunteered outside the home.

Joyce was not without any monetary offering to this relationship. For instance, in 1979, Joyce inherited $11,940.46, which she contributed to the marital estate.

The parties formally separated on February 18, 1988. Thereafter, Joyce attended junior college to learn word processing transcription and data entry. She obtained a clerical job; however, the work was extremely sparse, so she continued to seek employment up to the time of hearing.

The parties' marital residence sold for $83,000, of which $63,700 was realized. The parties' other major assets include two automobiles, and an IRA worth $7,398, and other securities valued at $1,000. The parties' debts included $2,527 for credit cards and $3,989 for an automobile. The parties anticipated substantial debts to be incurred subsequent to this hearing, *i.e.*, moving expenses and an upcoming wedding.

The parties resolved several issues prior to this hearing. Several issues remained and were submitted to the trial court for resolution. The trial court assigned the auto and credit card payments to Harold, and he was awarded the older automobile, the condition of which was in question. The trial court determined there was $99,141.75 in liquid assets between the parties, which included the amount realized from the sale of their residence. Each party was allocated $4,600 for respective attorney fees and $6,000 was set aside for Todd's first-year college expenses. This last amount was to be apportioned equally and after the first year, Harold was responsible for two-thirds of Todd's college expenses based upon the current Illinois State University rates. Following these equivalent deductions, $83,941.75 remained, of which $55,000 (66%) was awarded to Joyce and the remainder to Harold.

Harold received the tax exemption for Todd and two-thirds of the 1987 income tax refund. Joyce received maintenance in the amount of $900 per month for the first eight months. Thereafter, Harold was to pay Joyce $750-per-month maintenance. Furthermore, Harold was to pay Joyce's health insurance for three years following the entry of the order.

Harold contends the trial court abused its discretion in dividing the parties' marital property. In almost any contested dissolution proceeding, the trial judge faces a most difficult decision due to the individuality of every dissolution proceeding and is required to make the

fairest decision possible. The trial judge is afforded the benefit of the presentation of live testimony and physical or demonstrative evidence before a decision is required to be rendered. If and when there are discrepancies, inconsistencies, or omissions in the evidence, the trial judge can better attempt to eliminate those areas by initiating further questioning, which enables him to make the fairest and most equitable decision. A reviewing court experiences a more difficult task in analyzing the record of the trial court proceedings and reviewing the appropriateness of the judge's decision.

■ Section 503(d) of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) (Ill. Rev. Stat. 1987, ch. 40, par. 503(d)) sets forth many factors that the trial judge is to consider when dividing marital property. Without reiterating the same, several factors apply to this matter, while others are inapplicable. It is apparent the trial judge applied the relevant requisite factors which led to his decision. Some of the more relevant factors include the duration of the marriage, the value of the property set apart to each spouse, the contribution of each spouse to the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties. Ill. Rev. Stat. 1987, ch. 40, par. 503(d).

In nearly every dissolution-related appeal, the applicable standard of review is whether the trial court abused its discretion in rendering its decision. (*In re Marriage of Hanson* (1988), 170 Ill. App. 3d 298, 524 N.E.2d 695.) Such an abuse of discretion will be found where a court acts arbitrarily and without employing its conscientious judgment or where it exceeds the bounds of reason and ignores the recognized principles of law so that substantial injustice arises. (*In re Marriage of Murphy* (1983), 117 Ill. App. 3d 649, 453 N.E.2d 113.) We, as a reviewing court in a case such as this, cannot substitute our judgment or discretion for that of the trial court. *In re Marriage of Ribordy* (1984), 128 Ill. App. 3d 1073, 471 N.E.2d 1029.

■ A review of the applicable statutory factors indicates that the trial court resolved the distribution of the parties' marital property in a correct and equitable manner. Due to Joyce's long-term status as a mother and homemaker who chose not to engage in monetary employment outside of the home, she did not have the skills which would make her talents readily marketable and therefore employable. Harold complains that Joyce received a disproportionate share of their marital assets, and he should, under the circumstances, be entitled to a greater percentage. For many reasons, disparities in the distribution of marital assets do result; however, because a disparity exists, the

trial court's determination is not necessarily inequitable or incorrect. The IMDMA does not require an equal division of marital property. (*In re Marriage of McDonald* (1983), 113 Ill. App. 3d 116, 446 N.E.2d 559.) A homemaker makes a substantial contribution to a marriage and marital household comparable to that of the wage earner, and the homemaker's contribution should not be discounted simply because she does not make a financial or monetary contribution to the relationship. *In re Marriage of Stralow* (1981), 95 Ill. App. 3d 235, 419 N.E.2d 1227.

■ Due to the singular elements, characteristics, and circumstances surrounding every contested dissolution proceeding, every case should be determined and reviewed on an individual basis. (*In re Marriage of McCartney* (1983), 116 Ill. App. 3d 512, 452 N.E.2d 114.) In reviewing several cases, it is apparent that property divisions similar to this division and even more disparate have been upheld by our appellate courts. (See *In re Marriage of Hanson* (1988), 170 Ill. App. 3d 298, 524 N.E.2d 695.) The trial judge took into consideration the special circumstances that surrounded this case and rendered the most equitable and appropriate decision possible. In dividing the parties' marital assets, he did not abuse his discretion. We therefore affirm the decision of the trial court.

Harold next contends that the trial court not only abused its discretion with respect to the amount and duration of the maintenance, but in awarding maintenance altogether. We disagree.

Section 504(a) of the IMDMA sets forth the guidelines for the award of maintenance. Section 504(a) provides:

"(a) In a proceeding for dissolution of marriage *** the court may grant a maintenance order for either spouse, only if it finds that the spouse seeking maintenance:

(1) lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, and

(2) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home, or

(3) is otherwise without sufficient income." Ill. Rev. Stat. 1987, ch. 40, par. 504(a).

■ The standard of review, as with property division, in awarding maintenance is whether the trial court abused its discretion. (*In re Marriage of Stephenson* (1983), 121 Ill. App. 3d 698, 460 N.E.2d 1.) Joyce had been removed from the work force for nearly 20 years while she was busy as a mother and homemaker. Her education was

limited with respect to having any prospects for gainful, self-sufficient employment. Shortly after the parties' separation, she obtained a word processing transcription certificate which enabled her to earn $4 per hour, but the employment opportunities were scarce.

The trial court after initially awarding maintenance reversed itself in part by reducing Joyce's monthly award by $150. The trial court found that Joyce was in "need" of maintenance, which is a crucial fact in deciding whether to award maintenance. (*In re Marriage of Ribordy* (1984), 128 Ill. App. 3d 1073, 471 N.E.2d 1029.) However, Joyce has an affirmative obligation pursuant to law to acquire gainful employment which should enable her to live with independent means, apart from any contribution from her ex-spouse. Maintenance should be considered only after there is not sufficient property awarded for the party to be self-sufficient. (*In re Marriage of Aschwanden* (1980), 82 Ill. 2d 31, 411 N.E.2d 238.) Of the marital assets awarded to Joyce, many were not immediately revenue producing, which the trial court determined. It is the income producible by the property, rather than its value, which is to be considered regarding the award of maintenance. (*In re Marriage of Heller* (1987), 153 Ill. App. 3d 224, 505 N.E.2d 1294.) It is not necessary that a person sell assets or impair capital when the other spouse has sufficient income to meet his needs and make a contribution to hers. *In re Marriage of Heller*, 153 Ill. App. 3d at 234-35.

The trial court did not likewise abuse its discretion in the amount and duration of maintenance it awarded. According to section 504(b) of the IMDMA, once the trial court determines that there will be an award of maintenance, the court must determine the amount and duration of that award. (Ill. Rev. Stat. 1987, ch. 40, par. 504(b).) The trial court took a careful look at the amount and duration of the maintenance award, changed the amount and duration, thereby reversing its earlier determination from $900 a month to $750 a month after the first eight months, with the maintenance award to be reviewed at the end of four years. The court made the best determination in light of the evidence and affidavits before the court.

However, no real provision was made to monitor Joyce's efforts to find suitable employment, etc. Because of the terms of this dissolution order and its related divisions and distributions, we find it is necessary and appropriate that the trial court retain jurisdiction of the maintenance award. After two years from the entry of the original order, the same shall be reviewed annually, at the request of either party, for the purpose of taking into account Joyce's affirmative obligation and progress in becoming self-sufficient, as well as to permit

the judge to review the current income and expenses of the parties. In any event, the maintenance award shall not be permanent.

Based on the foregoing, the circuit court of Peoria County is affirmed as herein modified.

Affirmed as modified.

BARRY and STOUDER, JJ., concur.