*In re* MARRIAGE OF WALTER E. WITTENAUER, Petitioner-Appellee, and JOSEPHINE C. WITTENAUER, Respondent-Appellant.

Fifth District   No. 81-209

Opinion filed December 23, 1981.

Eugene C. Menges, of Wagner, Bertrand, Bauman & Schmieder, of Belleville, for appellant.

Earl H. Sachtleben, of Nehrt, Sachtleben & Fisher, of Red Bud, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

On April 13, 1981, the circuit court of Monroe County granted a petition for the dissolution of the marriage of Walter E. and Josephine C. Wittenauer. Josephine Wittenauer, respondent, appeals from that portion of the decree distributing the couple's property. She challenges both the characterization and the division of property, and requests that this court reverse the findings of the trial court. We affirm in part, reverse in part and remand.

Petitioner Walter Wittenauer acquired certain real estate, referred to herein as the Wittenauer farm, when his mother died in 1974. Her will provided that she did "give and devise" the entire property to Walter on the condition that he pay into the estate a sum agreed to by her six other children. When the children decided upon $130,000 as a reasonable price for the land, Walter and Josephine borrowed that amount and purchased the property. Title was transferred to the couple, and the $130,000 was then distributed among the seven children. Walter received between $18,000 and $22,000 as his share of the inheritance.

■■ In the judgment of the dissolution, the trial court characterized one-seventh of the Wittenauer farm as nonmarital property belonging to Walter. We believe this to be error. Petitioner did not inherit one-seventh of the real estate from his mother; he inherited the option to purchase the entire parcel at a price agreed to by the other heirs. Petitioner and his wife exercised the option, paying for the farm with borrowed funds which they secured by posting other jointly owned property as collateral. Acquired in this manner, the property falls within section 503(a) of the Uniform Marriage and Dissolution of Marriage Act, and is therefore marital property. (Ill. Rev. Stat. 1979, ch. 40, par. 503(a).) Because the trial court erred in characterizing a fraction of the Wittenauer farm as nonmarital, we reverse its finding on that point.

■■ It is noteworthy that, although Walter did not inherit one-seventh of the farm, he did inherit one-seventh of the purchase price of the farm—approximately $18,000. This might have been regarded as non-marital if it had been kept separate. (Ill. Rev. Stat. 1979, ch. 40, par. 503(a)(1).) However, the evidence indicates that Walter did not segregate his inheritance. Instead, he used the money to purchase items for the family farm and to repay jointly acquired debts. Since he failed to segregate the nonmarital funds during marriage, the trial court was under no obligation to trace them at the time of dissolution. Commingled, the inheritance became marital property. *In re Marriage of Smith* (1981), 86 Ill. 2d 518.

The second contention of error involves the parcel of land referred to as the Tipton tract. The Wittenauers purchased Tipton during their marriage and placed it in respondent's name to avoid unfavorable tax consequences. Upon dissolution of the marriage, the trial court found the property to be marital and divided it accordingly.

■■ Section 503(a) states that "all property acquired by either spouse subsequent to the marriage" constitutes marital property. Section 503(b) repeats that property acquired after marriage is presumed to be marital, and emphasizes that this is so, "regardless of whether title is held individually" or jointly. It then states that the presumption may be overcome if the spouse who claims the property can show he acquired it by one of the methods listed in subsections (1) through (6) of 503(a). Ill. Rev. Stat. 1979, ch. 40, pars. 503(a) and 503(b).

Respondent maintains that, as a gift to her, the Tipton tract falls under section 503(a)(1) and should, therefore, be classified as her non-marital property. The trial court disagreed, ruling that Mr. Wittenauer lacked the requisite intent to make a gift of the land to her. It, in effect, found that respondent had not overcome the section 503(b) presumption.

An examination of the record compels us to agree. Apparently, Mr. Wittenauer never relinquished control of the parcel in question. In fact, he treated the Tipton property, and the profits therefrom, no differently than he treated the rest of the property he farmed. Mere proof that title to the tract was placed in his wife's name does not rebut the presumption contained in section 503(b). Although recognized and employed as an estate planning device, that fact alone fails to establish the requisite intent for purposes of section 503(a)(1). Consequently, we affirm the designation of the Tipton tract as marital property.

Finally, respondent challenges the trial court's decision to award her only one-third of the marital property. A review of the transcript confirms that the court weighed all relevant factors when reaching its conclusion. However, in light of our recharacterization of the one-seventh interest in the Wittenauer farm, the trial court may wish to modify its original division. Accordingly, we remand so that the court may determine whether a redistribution of marital property is required. *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 636-37, 397 N.E.2d 488.

For the above reasons the order of the circuit court of Monroe County is affirmed in part, reversed in part and the cause is remanded.

Affirmed in part, reversed in part and remanded.

WELCH and KASSERMAN, JJ., concur.