*In re* MARRIAGE OF DOROTHY L. STEPHENSON, Petitioner-Appellee, and RONALD K. STEPHENSON, Respondent-Appellant.

Fifth District   No. 83—200

Opinion filed December 14, 1983.—Rehearing denied March 1, 1984.

Pessin, Baird & Wells, of Belleville, for appellant.

Crowder, Traughber & Scoggins, Ltd., of Columbia, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Ronald Stephenson (respondent) and Dorothy Stephenson (petitioner) were married in 1956, and their marriage was dissolved by a

judgment entered in the circuit court of Randolph County on December 3, 1982. On February 17, 1983, following denial of a post-trial motion directed toward the December 3, 1982, judgment, respondent filed a petition to modify the maintenance portion of that judgment, alleging that he had become unemployed. On March 16, 1983, the court entered an order denying the petition to modify. In this consolidated appeal, respondent alleges error both in the terms of the original judgment and in the denial of the petition to modify. For the reasons which follow, we affirm the circuit court in all respects.

■ In attacking the judgment of December 3, 1982, respondent alleges that (1) the division of marital property constitutes an abuse of discretion; (2) the awarding of the $500 per month in maintenance to petitioner also constitutes an abuse of discretion; and, (3) the court erred in refusing to consider petitioner's potential inheritance from her 75-year-old mother. As to the first of these issues, we note that, in reviewing a property distribution upon a dissolution of marriage, we will find an abuse of discretion only where no reasonable person would adopt the view taken by the trial court. (*In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127, 398 N.E.2d 126, 129.) In the instant case, we cannot say that such an abuse occurred. While respondent points out that petitioner received approximately 75% of the marital property, including two homes owned by the parties, respondent retained possession of nonmarital real property totaling 60 acres and containing tillable land, a lake, and two dwellings. The value of the nonmarital property set aside to each party is properly considered in determining how the marital property is divided (Ill. Rev. Stat., 1982 Supp., ch. 40, par. 503(d)(2); *In re Marriage of Thornton* (1980), 89 Ill. App. 3d 1078, 1085, 412 N.E.2d 1336), and we cannot say, in light of the substantial value of the nonmarital property retained by respondent, that the court abused its discretion in awarding petitioner a greater share of the marital assets. Moreover, the distribution effectuated by the trial court is further justified by the vast difference in the future earning capacities of the parties. Respondent needs only to complete a dissertation to obtain a doctorate in educational administration, while petitioner has only a high school education. Thus, respondent has vastly greater opportunity for the future acquisition of assets and income, and the court properly relied on this fact in dividing the marital property. See Ill. Rev. Stat., 1982 Supp., ch. 40, par. 503(d)(7).

■ Respondent next argues that the court abused its discretion in ordering him to pay petitioner maintenance of $500 per month. We disagree. At the time of the hearing, respondent was employed as di-

rector of the Beck Vocational Institute, and earned a yearly salary of $30,000. Petitioner, who worked as a part-time librarian and school lunchroom supervisor, had earned less than $2,000 during the first nine months of 1982. Moreover, as noted by the trial court, petitioner is a person of limited education, and "in view of her age, [is] without any real prospects or any ability to earn any large amount of income or increase her income substantially." A maintenance award will only be disturbed upon a showing that it constitutes an abuse of the trial court's discretion (*In re Marriage of Reyna* (1979), 78 Ill. App. 3d 1010, 1014, 398 N.E.2d 641), and we cannot say that such an abuse occurred here.

■ The next contention raised by respondent concerns the trial court's failure to consider evidence concerning petitioner's potential inheritance from her mother. In an offer of proof, respondent's counsel indicated that petitioner's mother is 75 years of age, that petitioner is the sole heir of her mother, and that the mother's estate has a current value of $100,000. The court refused to consider this evidence, characterizing it as "speculation." We believe that this ruling was correct. Petitioner's mother may live for many more years, may dissipate her estate, or may leave that estate to someone other than petitioner. Appropriate here is the maxim *nemo est haeres viventis*. *In re Marriage of Smith* (1981), 100 Ill. App. 3d 1126, 427 N.E.2d 1262, the case relied on by respondent, is inapposite. In *Smith*, the wife was to receive a definite inheritance from an estate which was in probate at the time of the dissolution action, and the court recognized that this inheritance was relevant in assessing the economic circumstances of each spouse for purposes of arriving at a fair property distribution. (100 Ill. App. 3d 1126, 1130.) In contrast, petitioner in the instant case has no assurance of ever receiving anything from her mother's estate, and we agree with the trial court that the mere possibility of a future inheritance is not something to be considered in dividing marital property upon a dissolution of marriage.

■ Finally, in his appeal from the order denying his petition to modify the judgment, respondent asserts that the court erred in failing to relieve him of his obligation to pay maintenance to petitioner. The evidence offered at the hearing on the petition established that respondent resigned from his job in January 1983, as a result of differences of opinion between respondent and the board which supervised him. It was uncontradicted, however, that respondent's term of employment did not expire until June 20, 1983, and that he could have worked until that time. While substantial economic reverses resulting from employment or investments are proper circumstances in

considering whether support obligations should be reduced or terminated, such changes in economic circumstances must be fortuitous in nature, and not the result of deliberate action by the party seeking the reduction. (*Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 132, 416 N.E.2d 785.) Respondent's resignation from his job in this case was entirely voluntary, occurred within two months of the judgment of dissolution, and came at a time when respondent still had over five months remaining in his term of employment. Under these circumstances, we agree with the trial court that the voluntary change in respondent's economic conditions did not mandate abatement of his maintenance obligations.

For the foregoing reasons, the December 3, 1982, judgment of the circuit court of Randolph County is affirmed in its entirety. The order of March 16, 1983, denying respondent's petition to modify the judgment, is also affirmed.

Affirmed.

KARNS and JONES, JJ., concur.