*In re* MARRIAGE OF HELEN LUCILLE DEEM, Petitioner-Counterrespondent-Appellee, and MAX E. DEEM, by Doris Marilyn Garves, Adm'r of the Estate of Max E. Deem, Deceased, Respondent-Counterpetitioner-Appellant.

Fourth District   No. 4—83—0172

Opinion filed May 7, 1984.

1020

Kristen H. Fischer, of Champaign, and Roger A. Marsh, of Urbana, for appellant.

Greaves & Lerner, of Champaign, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

The parties were married on March 24, 1956. The marriage was dissolved on September 28, 1978, with written judgment of dissolution upon the counterpetition filed on October 27, 1978. Maintenance and property matters were reserved. Respondent was 73 and petitioner was 60 years old. In October 1981, petitioner set ancillary matters on the counterpetition for hearing on December 16, 1981. Petitioner testified at the hearing; respondent was represented by counsel but was not present. The trial court awarded petitioner the following as her nonmarital property: a residence in Champaign, Illinois; a lot and cottage in Shelby County, Illinois, at Lake Mattoon; furniture she owned prior to this marriage; the balance in her Investor's Diversified Services' (I.D.S.) account; and other property in her possession. The court awarded respondent furniture purchased during the marriage in Louisville, Kentucky, as marital property. The court further awarded him other property standing in his name. The court denied respondent's request for a lien against petitioner's real estate for his contributions increasing its value. On January 20, 1983, the trial judge entered a written order on respondent's motion for reconsideration classifying the Champaign residence as marital property, awarding it to petitioner, and otherwise denying the motion. Respondent appeals from the judgment of the circuit court of Champaign County. Respondent died during the time that this appeal was pending. This court allowed the appellant's motion for substitution of administrator for the deceased party, over objection. We affirm in part, reverse in part, and remand the cause.

Respondent raises three issues on appeal: (1) whether the trial

court erred in classifying the Shelby County property and the furniture petitioner brought to the marriage as petitioner's nonmarital property, (2) whether the court erred in awarding petitioner the balance of her I.D.S. account, including interest earned during the marriage, and (3) whether the court erred in its allocation of marital property given the lack of evidence on the value of the parties' marital and nonmarital assets at the time of dissolution, the lack of evidence of his economic and physical circumstances at the time of the hearing, and the court's reference to an alleged loan from petition to respondent.

We first consider respondent's argument that the trial court erred in classifying the Shelby County property as petitioner's nonmarital property. This property was acquired during the marriage as an unimproved lot. It was purchased with $1,200 of petitioner's nonmarital funds. Title was taken by the parties as joint tenants. Several years later, petitioner's nephew assisted respondent in building a cottage on the property. Both parties supplied materials. Asked whether respondent was paid for work on the cottage, petitioner answered affirmatively. She later clarified her testimony, saying respondent was paid for repairs to her home prior to their marriage; thereafter he was paid when he had help.

On January 3, 1962, the parties executed and recorded a warranty deed conveying the property to petitioner in consideration of "one dollar and Love and Affection." Petitioner did not testify as to their intention in executing this deed but said respondent had told her at the time that he might take bankruptcy.

■■ On appeal, respondent argues that evidence presented on the Shelby County property was not sufficient to support a finding that the transfer constituted a gift, given the presumption of marital property of section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 503). We agree.

The party seeking to establish that property acquired after marriage is not marital property has the burden of proving that the property in question was intended to be a gift. (*Hofmann v. Hofmann* (1983), 94 Ill. 2d 205, 446 N.E.2d 499; *In re Marriage of Severns* (1981), 93 Ill. App. 3d 122, 416 N.E.2d 1235.) The presumption of marital property is overcome upon a showing by clear, convincing, and unmistakable evidence that the property was a gift. (*Severns.*) Mere proof that title to a tract was placed in one party's name does not rebut the presumption of section 503. (*In re Marriage of Wittenauer* (1981), 103 Ill. App. 3d 53, 430 N.E.2d 625; see also *In re Marriage of Parr* (1981), 103 Ill. App. 3d 199, 430 N.E.2d 656 (quitclaim

deed or interest of one's spouse in condominium executed in favor of other spouse insufficient to rebut marital property presumption; both parties testified transfer was made primarily for business and tax purposes).) We conclude that the deed itself was insufficient to show the transfer was a gift. Therefore, on remand the Shelby County property should be treated as marital property.

■ Respondent also contends that the trial court improperly classified furniture petitioner brought to the marriage as her nonmarital property, since it had been used in the same rooms as furniture purchased during the marriage. Respondent cites *In re Marriage of Smith* (1981), 86 Ill. 2d 518, 427 N.E.2d 1239, in support of his theory that this furniture was transmuted into marital property. We disagree and decline to give *Smith* such an expansive interpretation.

A theory similar to respondent's was eschewed in *In re Marriage of Crouch* (1980), 88 Ill. App. 3d 426, 410 N.E.2d 580. In *Crouch*, the wife theorized that various art objects and business inventory acquired prior to the marriage had been commingled with other marital property acquired after the marriage thus evidencing an intent to have the former property treated as marital property. The reviewing court held that the disputed personal property, originally nonmarital property, retained that status after the marriage. By contrast, in *In re Marriage of Westphal* (1981), 99 Ill. App. 3d 1042, 426 N.E.2d 303, the reviewing court held that certain nonmarital assets—$1,600 worth of tools and equipment used in the husband's business—had irretrievably lost a separate identity through commingling with tools and equipment purchased after the remarriage of the parties. No difficulty was raised below in identifying furniture petitioner brought to the marriage as separate and distinct from items purchased during the marriage.

■ Respondent next maintains that the trial court erred in finding the interest earned during the marriage on petitioner's I.D.S. account was her nonmarital property. Upon review of the record, we conclude that the trial judge regarded respondent as having a burden to establish the existence of such a marital asset, *i.e.*, accumulated interest. Given the posture of this issue, we find this question is controlled by the recent amendment of section 503(a)(7) of the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1983, ch. 40, par. 503(a)(7).) The amending language states that an increase in the value of property acquired before marriage remains nonmarital property (Ill. Rev. Stat. 1983, ch. 40, par. 503). This legislation was expressly made applicable to actions pending on its effective date, August 19, 1983. (Pub. Act 83—129, 4 Ill. Legislative Service 1222

(1983).) We conclude that interest earned on the account during the marriage remained petitioner's nonmarital property. See generally Feldman & Fleck, *Taming Transmutation: A Guide to Illinois' New Rules on Property Classification and Division upon Dissolution of Marriage*, 72 Ill. B.J. 336 (1984).

Respondent's last issue on appeal is whether the trial court erred in dividing the marital property, awarding petitioner the marital residence and him the marital furniture. He first contends that the division was improper as there was no proper evidence of the value of the parties' nonmarital and marital assets—the Champaign residence, the Shelby County property, the I.D.S. account, or the furniture—as of the date of dissolution. Petitioner argues respondent has waived the valuation issue by his failure to present such evidence below.

There is no requirement under the Act that the court place a specific value on each item of property but only that there be competent evidence of value and that the trial court's division of property be supported by the evidence. (*In re Marriage of Miller* (1983), 112 Ill. App. 3d 203, 445 N.E.2d 811.) Evidence of the value of both marital and nonmarital assets must be shown on the record in order for a reviewing court to determine the propriety of the division of marital property. (*In re Marriage of Walsh* (1982), 109 Ill. App. 3d 171, 440 N.E.2d 310; *In re Marriage of Cuisance* (1983), 115 Ill. App. 3d 551, 450 N.E.2d 1302.) Therefore, the failure to offer evidence of the value of such assets does not necessarily waive the right to appeal on this issue. *In re Marriage of Reib* (1983), 114 Ill. App. 3d 993, 449 N.E.2d 919; *In re Marriage of Kundit* (1982), 107 Ill. App. 3d 310, 437 N.E.2d 777; *In re Marriage of Cuisance* (1983), 115 Ill. App. 3d 51, 450 N.E.2d 1302.

It is noted, however, that it is the parties' obligation to present the court with sufficient evidence of value of the property. Reviewing courts have refused to reverse and remand dissolution cases wherein the complaining spouse (1) presented no evidence on the value of the parties' assets despite the presentation of such evidence by his spouse (*In re Marriage of Mullins* (1984), 121 Ill. App. 3d 86, 458 N.E.2d 1360; *In re Marriage of McCartney* (1983), 116 Ill. App. 3d 512, 452 N.E.2d 114); (2) stipulated to the valuation evidence (*In re Marriage of Miller* (1983), 112 Ill. App. 3d 203, 445 N.E.2d 811); or (3) gave or suggested the valuation evidence (*In re Marriage of Mullins* (1984), 121 Ill. App. 3d 86, 458 N.E.2d 1360 (wife presented husband's financial statement showing value of farm and gave value thereon in affidavit); *In re Marriage of Smith* (1983), 114 Ill. App. 3d 47, 448 N.E.2d 545 (husband suggested appraisal value and offered no addi-

tional evidence until after entry of judgment). A reviewing court may further refuse to reverse and remand a dissolution case where some evidence was presented on the parties' assets, *e.g.*, pensions, and the parties had an adequate opportunity to introduce further evidence but failed to do so. See *In re Marriage of Smith* (1983), 114 Ill. App. 3d 47, 448 N.E.2d 545.

Here there is no record evidence of the value at the date of dissolution of petitioner's I.D.S. account, the furniture she brought to the marriage, or furniture purchased during the marriage. There was evidence of the purchase price around 1957 for the Shelby County lot, but no evidence of the value of the cottage and property at dissolution. There was some testimony on the reduced purchase price of the Champaign residence in 1968 in an unfinished condition. There was, however, no more recent evidence of value and no evidence of the equity value in the home. Hence, petitioner presented no evidence of the value of some assets and such scant evidence on others as to preclude reasonable assessment by the trial judge. Respondent did not appear personally at the hearing, and his counsel were apparently taken aback that they were to present evidence in his behalf. The trial judge denied respondent's request for an additional hearing to present evidence of value. Since evidence of the value of such assets is lacking, we reverse and remand so this evidence may be taken. In doing so we note that under the Act, the value of the parties' nonmarital assets is a factor to be considered in the division of the marital property. *In re Marriage of Meyer* (1981), 103 Ill. App. 3d 44, 430 N.E.2d 610; *In re Marriage of Cuisance* (1983), 115 Ill. App. 3d 551, 450 N.E.2d 1302.

Second, no evidence was presented to suggest that other property existed standing in respondent's name. Neither was there any evidence of his economic or physical condition or needs. The counterpetition stated that he received social security benefits but did not fix the amount of benefits received. Absent record evidence on the needs and circumstances of each party as required under section 503(d) of the Act, a reviewing court lacks a basis for determining the propriety of the division of property. We therefore find it necessary to remand the case so that additional evidence may be taken on the parties' circumstances at the time of the December 1981 hearing.

Finally, the trial court awarded the Champaign residence to petitioner with reference to an alleged $6,000 loan from petitioner to respondent. No documents were tendered into evidence in support of the alleged loan, and there was no testimony as to the date, or dates, or the source of the monies which comprised the alleged loan. Further, in view of the presumption of marital property under section 503

of the Act, expenditure of nonmarital funds addressed to marital expenses would be deemed a gift to the marriage absent clear evidence to the contrary. Petitioner stated in interrogatories that $5,000 to $6,000 was owed her by respondent which "may be marital property." We conclude that no loan was proved and such setoff may not be made in the court's allocation of marital property on remand.

Affirmed in part; reversed in part; and remanded for additional evidence on the value of the parties' marital and nonmarital assets on the date of dissolution and evidence on the needs and circumstances of the parties at the time evidence is taken.

MILLER and WEBBER, JJ., concur.