*In re* MARRIAGE OF RAYMOND J. RAPACZ, Plaintiff-Appellee, and CAROL C. RAPACZ, Defendant-Appellant.

Second District   Nos. 84—706, 84—973 cons.

Opinion filed August 21, 1985.

Joan Brady, George J. Sotos, and Lyle B. Haskin, all of Lyle B. Haskin & Associates, of Wheaton, for appellant.

Donna P. Mitchell, Robert Schillerstrom, and Daniel L. Kuhn, all of Nadelhoffer, Nagle, Kuhn, Mitchell, Moss & Saloga, of Naperville, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Respondent, Carol Rapacz (wife), appeals from portions of the judgment of dissolution of her marriage to plaintiff, Raymond J. Rapacz (husband), which awarded child support and maintenance and divided marital property. In a separate appeal which we have consolidated here, the wife also contends the trial court erred in declining to enforce an agreement by the husband to pay a certain debt.

The evidence disclosed these parties were married in 1970; the husband was 38 years of age, the wife 36 and they had one child who was born in 1981. The husband is a physician specializing in cardiology who earned $217,000 in 1982, and $204,000 in 1983. The wife has a college degree and was employed for 11 of the 13 years of the marriage in the data processing-computer fields for Sears and International Harvester; she stopped working in 1981 when their child was born. The wife earned $32,000 in the last year of her employment.

The marital property of the parties was valued at $951,238.10 of which $755,023.10 (79.4%) was awarded to the husband and $196,215 (20.6%) was awarded to the wife. The wife was also awarded 24 shares of Standard Oil stock, sterling silver, bedroom set and certain plates as her nonmarital property. The trial court found the two-year-old child required $2,500 monthly support from his father and the wife required maintenance for five years until the child attends school full time and then for her rehabilitation. For these purposes, the court awarded $4,000 per month in unallocated support for a period of 60 months.

The wife argues first that the judgment limited the husband's obligation for child support to 60 months, when the child will still not be emancipated, and was against public policy.

In Illinois, the parental duty of support generally extends until a child's emancipation, unless otherwise agreed in writing by the parties or expressly provided in the judgment. (Ill. Rev. Stat. 1983, ch.

40, par. 510(c); *Finley v. Finley* (1980), 81 Ill. 2d 317, 325, 410 N.E.2d 12.) It is clear, and the parties both state, they have not agreed to such termination at the end of the 60 month period and neither does the judgment so provide. The judgment at first expressly provided that when maintenance for the wife ceased after 60 monthly payments the husband would remain liable for support of their child in an amount to be determined by agreement or court order. That phrase was stricken, however, after an objection by the wife's attorney, the court noting it was only trying by it to prevent an unnecessary court appearance by the parties.

■ The wife will not now be heard to complain of any error induced by her conduct. (See *Ziebell v. Board of Trustees* (1979), 73 Ill. App. 3d 894, 392 N.E.2d 101; *Martin v. McIntosh* (1976), 37 Ill. App. 3d 526, 346 N.E.2d 450.) In any event, it is apparent that if the parties cannot agree upon child support after cessation of the unallocated support provided in the decree, such cessation would present a substantial change in circumstances which would permit modification of the judgment for dissolution upon petition of a party (see Ill. Rev. Stat. 1983, ch. 40, par. 510(a)), and support for the minor child will then be determined by the court.

■ The wife next contends the trial court abused its discretion by awarding a disproportionate share of marital property to the husband; that division was as follows:

### Husband

| | |
|---|---|
| West Suburban Cardiologist, Ltd. Stock (50% interest) | $ 580,930.00 |
| Pension plan | 105,508.00 |
| Profit-sharing plan | 85,000.00 |
| Mid America Federal No. 238828779 (Money Market account) | 11,051.00 |
| Mid America Federal No. 11-016-0553 (Savings account) | 319.00 |
| | $ 782,808.00 |
| Less wife's attorney fees | -27,784.90 |
| Net | $ 755,023.10 |

### Wife

| | |
|---|---|
| Marital residence, | $ 194,000.00 |
| less mortgage | -130,000.00 |
| | 64,000.00 |

| | |
|---|---:|
| Heritage Oaks vacant lot, | 150,000.00 |
| less mortgage | -22,050.00 |
| | 127,950.00 |

| | |
|---|---:|
| Sears Roebuck Stock (wife's profit sharing - 122 shares) | 3,965.00 |
| Citizen National Bank (checking account) | 300.00 |
| | 4,265.00 |
| Net ..............................$ | 196,215.00 |

| | |
|---|---|
| Total marital assets | $951,238.10 |
| Husband's net total | $755,023.10 (79.4%) |
| Wife's net total | $196,215.00 (20.6%) |

The distribution of marital property rests within the sound discretion of the trial court and will not be disturbed absent abuse. (*In re Marriage of Miller* (1983), 112 Ill. App. 3d 203, 207, 445 N.E.2d 811; *In re Marriage of Legge* (1982), 111 Ill. App. 3d 198, 207-08, 443 N.E.2d 1089, *appeal denied* (1983), 93 Ill. 2d 542.) In determining whether the trial court abused its discretion the question is whether the court, in view of all the circumstances, so exceeded the bounds of reason that no reasonable man would take the view it adopted. (*In re Marriage of Miller* (1983), 112 Ill. App. 3d 203, 207, 445 N.E.2d 811; *In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127, 398 N.E.2d 126.) While the Illinois Marriage and Dissolution of Marriage Act does not mandate equal distribution of marital assets between spouses, the property must be divided in "just proportion," taking into account listed factors. (*In re Marriage of Aschwanden* (1980), 82 Ill. 2d 31, 37, 411 N.E.2d 238; *In re Marriage of Sevon* (1983), 117 Ill. App. 3d 313, 318, 453 N.E.2d 866; Ill. Rev. Stat., 1984 Supp., ch. 40, par. 503(d) (formerly par. 503(c)).) The touchstone of proper apportionment is whether it is equitable in nature (*In re Marriage of McNeeley* (1983), 117 Ill. App. 3d 320, 325, 453 N.E.2d 748; *In re Marriage of Campise* (1983), 115 Ill. App. 3d 610, 615, 450 N.E.2d 1333), and each case rests on its own facts. *In re Marriage of Bentivenga* (1982), 109 Ill. App. 3d 967, 972, 441 N.E.2d 336.

The trial court has great discretion in applying the factors noted in the statute (Ill. Rev. Stat., 1984 Supp., ch. 40, par. 503(d)) and is authorized to award either property or maintenance, both property or maintenance, or, property in lieu of maintenance. (*In re Marriage of Gan* (1980), 83 Ill. App. 3d 265, 271, 404 N.E.2d 306, *appeal denied* (1980), 81 Ill. 2d 590.) The property distribution must, therefore, be considered in relation to the maintenance and child support awarded

as each affects the other. (*In re Marriage of Goforth* (1984), 121 Ill. App. 3d 673, 678, 459 N.E.2d 1374; *In re Marriage of Gan* (1980), 83 Ill. App. 3d 265, 271, 404 N.E.2d 306, *appeal denied* (1980), 81 Ill. 2d 590.) While this gives the court greater flexibility, the award of maintenance should be limited where there is sufficient property available to satisfy the spouse's needs and entitlements. (*In re Marriage of Aschwanden* (1980), 82 Ill. 2d 31, 38, 411 N.E.2d 238; see Ill. Rev. Stat. 1983, ch. 40, par. 504(a); *In re Support of McGrew* (1980), 90 Ill. App. 3d 27, 30-32, 412 N.E.2d 996.) There is a legislative policy to replace the concept of post-marital support through alimony with one of post-marital stability through a just distribution of marital property and assets. *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 576, 376 N.E.2d 1382; *In re Marriage of Leon* (1980), 80 Ill. App. 3d 383, 385, 399 N.E.2d 1006.

While the award of a larger share of marital property to one spouse may be justified in proper circumstances because of that spouse's greater contribution to the marital estate (*In re Marriage of Bentivenga* (1982), 109 Ill. App. 3d 967, 971, 441 N.E.2d 336; *In re Marriage of Woodward* (1980), 83 Ill. App. 3d 253, 256, 404 N.E.2d 575), caution is required to avoid placing too much emphasis on that factor. (*In re Marriage of Aschwanden* (1980), 82 Ill. 2d 31, 38, 411 N.E.2d 238; *In re Marriage of Smith* (1982), 105 Ill. App. 3d 980, 982-83, 434 N.E.2d 1151, *appeal denied* (1982), 91 Ill. 2d 581.) As a counterbalance, the consideration is that the spouse contributing more may also have a greater income and a better opportunity to acquire assets in the future. (*Atkinson v. Atkinson* (1981), 87 Ill. 2d 174, 180, 429 N.E.2d 465, *cert. denied* (1982), 456 U.S. 905, 72 L. Ed. 2d 162, 102 S. Ct. 1751; see *In re Marriage of Stephenson* (1983), 121 Ill. App. 3d 698, 460 N.E.2d 1.) Greater financial contributions will not necessarily or automatically entitle that spouse to a greater distributive share of marital assets. *In re Marriage of Theeke* (1981), 105 Ill. App. 3d 119, 125, 433 N.E.2d 1311.

The husband argues here that the nature of the marital assets necessitated this distribution, with the wife receiving the readily available assets, such as the residence, stock and vacant lot, while he received the interest in the medical corporation, profit sharing and pension plans. The husband notes that about 77% of his award was the medical corporation which he describes as having a speculative value. However, the trial court's valuation of the corporation is supported by the record, and no cross-appeal has been taken disputing it.

The husband offers case authority in support of his award, but none which has sustained such a disparate division of marital property

in similar circumstances. (See, *e.g., In re Marriage of Shafer* (1984), 122 Ill. App. 3d 991, 462 N.E.2d 39, (50% net to each spouse plus home to one, business valued at $55,000 to other); *In re Marriage of Bentivenga* (1982), 109 Ill. App. 3d 967, 441 N.E.2d 336 (award of 53% to one spouse, 42% to the other and 5% for children's education); *In re Marriage of McMahon* (1980), 82 Ill. App. 3d 1126, 403 N.E.2d 730 (60% - 40% division of marital estate).) While the court found no abuse of discretion in an award of only 20% of the marital property to the wife in *Borg v. Borg* (1981), 96 Ill. App. 3d 282, 421 N.E.2d 214, there the wife's assets had been liquidated to cash sufficient for her reasonable needs and the husband's income had decreased by 70%. See also *In re Marriage of Stephenson* (1983), 121 Ill. App. 3d 698, 460 N.E.2d 1, where an award of 75% of the marital property to one spouse was held not to be an abuse of discretion. However, the spouse receiving 25% had large holdings of nonmarital property and a much greater opportunity for future acquisition of assets and income.

In the case at bar, although the wife was awarded only 20% of the marital estate, she was also awarded $4,000 per month in unallocated support for a period of 60 months. It is difficult to evaluate such an unallocated award in relation to the division of marital property where the parties dispute only the maintenance portion thereof (see *In re Marriage of Thornton* (1980), 89 Ill. App. 3d 1078, 412 N.E.2d 1336, *appeal denied* (1981), 83 Ill. 2d 575); however, it is apparent the trial court intended $2,500 each month be for child support (the amount is not substantiated by the record) and only $1,500 to be for maintenance of the wife. The parties enjoyed a high standard of living during the latter years of the marriage, and the wife is well educated, earned a substantial salary when employed and enjoys good health; she worked much of the marriage and contributed her earnings to it. However, she will be unable to work full time, and, as she was employed in a fast-changing field, she may require a period of training to reenter the labor market. The husband has substantially greater earning power and opportunity to acquire assets in the future, as evidenced by his annual earnings of $217,000 as against hers of $32,000. Under all these circumstances we consider the award of 20% of the marital estate to the wife was an abuse of discretion. See *In re Marriage of Aschwanden* (1980), 82 Ill. 2d 31, 411 N.E.2d 238 (award of 22% to wife abuse of discretion); *In re Marriage of Hobbs* (1982), 110 Ill. App. 3d 451, 442 N.E.2d 629 (award of 26% to wife abuse of discretion); see also *In re Marriage of Thornton* (1980), 89 Ill. App. 3d 1078, 412 N.E.2d 1336, *appeal denied* (1981), 83 Ill. 2d 575.

The trial court apparently felt it inappropriate to allocate between

the parties the medical practice and related assets, as is understandable, and attempted to offset the disparity in assets awarded by unallocated award of support and maintenance. Business interests, especially in a closed, personal service or medical corporation where fragmented or nonprofessional ownership could be harmful, are usually awarded to one spouse. (See *In re Marriage of Rossi* (1983), 113 Ill. App. 3d 55, 446 N.E.2d 1198; *In re Marriage of McMahon* (1980), 82 Ill. App. 3d 1126, 403 N.E.2d 730.) Where marital property is not susceptible to a just division in kind, the spouse receiving the whole may be subjected to an obligation to make an equalizing cash payment. (*In re Marriage of Hellwig* (1981), 100 Ill. App. 3d 452, 459-60, 426 N.E.2d 1087.) In *Rossi*, the husband received 63% of the marital estate valued at $1,121,000, which included a $600,000 business and was required to pay $100,000 to his former wife (*In re Marriage of Rossi* (1983), 113 Ill. App. 3d 55, 58). In *McMahon*, the husband received a business valued at $723,000 as part of his allocation of the assets, and was required to make a $210,000 equalization payment to his spouse (*In re Marriage of McMahon* (1980), 82 Ill. App. 3d 1126, 1131-32). See *In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 398 N.E.2d 126, and *In re Marriage of Miller* (1983), 112 Ill. App. 3d 203, 445 N.E.2d 811.

As we have found the division of marital property between the parties must be reconsidered by the trial court, those portions of the judgment awarding maintenance, child support and attorney fees will also be vacated for redetermination in view of the resources available to the wife after an equitable division of marital property is effected. (See *In re Marriage of Wilson* (1982), 110 Ill. App. 3d 809, 815-16, 443 N.E.2d 31; *In re Marriage of White* (1981), 98 Ill. App. 3d 380, 384, 424 N.E.2d 421.) We need not address the arguments of the parties as to these issues on this appeal.

In her consolidated appeal, the wife contends the trial court erroneously declined to issue a rule to show cause against the husband for his claimed failure to comply with an agreed order.

By the order entered in this cause in December 1982, the parties agreed, as relevant, that the husband would "pay normal household bills" during pendency of the action. The wife argues this order required the husband to pay the $22,000, plus interest, final payment due upon a note which had financed the purchase of a lot in Heritage Oaks Subdivision. Although the husband had during the marriage reduced the loan from $55,000 to $22,000, he did not make the final payment, and the wife sought to have him held in contempt by a petition she filed on July 2, 1984, the day prior to final judgment herein.

After a hearing, the trial court denied the wife's petition, finding the agreed order did not obligate the husband to make that payment and rejected the wife's argument it should be considered a "household bill" within the agreed order.

■ We agree with the conclusion of the trial court that this extraordinary expense may not be included within those ordinary household expenses the parties agreed the husband should pay during the pendency of this litigation. In its final judgment, the trial court awarded that lot to the wife and provided she was to satisfy the indebtedness against it. As there was no basis upon which to hold the husband in contempt, the trial court correctly dismissed the petition seeking that relief.

Accordingly, the judgments of the circuit court will be affirmed as to dissolution of the marriage, custody of the child and its denial of the petition for a rule to show cause. Those portions of the judgment allocating marital property, awarding maintenance and child support and attorney fees will be reversed and the cause remanded for further proceedings in those matters.

Affirmed in part; reversed in part; remanded for further proceedings.

SCHNAKE and STROUSE, JJ., concur.